|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE A. YOUNG,

                Petitioner,

    v.

RON HAYNES,

                Respondent.

CASE NO. 3:18-cv-05250-RBL-JRC

ORDER DENYING
APPOINTMENT OF COUNSEL

     The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR 3 and MJR 4. Before the Court is petitioner Eugene A. Young's motion for appointment of counsel. Dkt. 24.

     Although indigent defendants in criminal cases are entitled to appointed counsel, there is no right to appointed counsel in habeas proceedings unless an evidentiary hearing is required or unless appointed counsel is necessary for the effective use of discovery procedures. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990); Rules Governing Habeas Corpus

Cases Under Sec. 2254, Rule 8(c). The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, petitioner has not shown the exceptional circumstances necessary to warrant the appointment of counsel. The Court has not ordered an evidentiary hearing or provided for discovery in this case. Further, petitioner's four grounds for habeas relief are straight forward legal claims that rely wholly on the record from the state court proceedings. In addition, though petitioner states that proceeding in habeas as a pro se petitioner is too difficult, he has thus far articulated his grounds for relief and his other requests in such a way that the Court can understand him. The Court does not find that petitioner is unable to adequately articulate his claims at this stage in the proceedings.

Therefore, petitioner's motion for counsel (Dkt. 24) is denied without prejudice. Petitioner may again request counsel if he is able to show the exceptional circumstances necessary to warrant the appointment of counsel. The Court will make a determination as to petitioner's habeas petition in a separate report and recommendation.

Dated this 27th day of February, 2019.

J. Richard Creatura
United States Magistrate Judge