UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE A. YOUNG,

    Petitioner,

    v.

RON HAYNES,

    Respondent.

CASE NO. 3:18-cv-05250-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  April 12, 2019

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner filed the petition pursuant to 28 U.S.C. § 2254.  *See* Dkt. 21.

Petitioner argues that the trial court erred in admitting text messages as evidence, that there is insufficient evidence to support his conviction for communication with a minor for immoral purposes, that the prosecutor committed misconduct in his closing argument, and that his trial counsel was ineffective.  However, petitioner did not exhaust his claims in state court

1   and now is procedurally barred from returning to state court to do so.  Nor has petitioner

2   demonstrated cause and prejudice or a fundamental miscarriage of justice such that his default

3   should be excused.  Thus, this Court recommends that the amended petition be denied.  The

4   Court also recommends denying the certificate of appealability.

5

6                    **PETITIONER'S CLAIMS IN THIS HABEAS PETITION**

7           Ground 1:  Erroneous admission of text messages because of inadequate authentication

8   under Washington Rule of Evidence 901(A);

9           Ground 2:  Insufficient evidence to support a conviction of communication with a minor

10  for immoral purposes;

11          Ground 3:  Prosecutorial misconduct during closing argument because the prosecutor

12  misstated the law of accomplice liability; and

13          Ground 4:  Ineffective assistance of trial counsel for failure to file a suppression motion.

14  *See* Dkt. 21, at 2–3, 13–14.

15

16                          **BASIS FOR CUSTODY AND FACTS**

17          Petitioner was convicted of second degree rape, promoting the sexual abuse of a minor,

18  communicating with a minor for immoral purposes, and attempted theft in the second degree.

19  *See* Supp. AR.[1] 1674, 1688.  He was sentenced to 250 months to life in prison (Supp. AR. at

20  1678) and is currently incarcerated in the Stafford Creek Corrections Center.  Dkt. 1-1, at 1.

21  ///

22  ///

23

24          [1] References to "Supp. AR." are to Dkt. 27; references to "AR." are to Dkt. 12.

The Washington State Court of Appeals stated the facts of petitioner's case as follows:

> In 2012, Young [petitioner] and Hutchinson [his co-defendant] promoted and directed two young women, N.H. and 16–year–old C.B.,[ ]in prostitution activities. To facilitate her prostitution, C.B. communicated with Young through telephone calls and text messages.  C.B. named the contact information for Young in her phone as "Papi.". . .
>
> Young and Hutchinson also forced 16–year–old R.E. to participate in a fraudulent check transaction for them.  When the check transaction involving R.E. was concluded, Young put the contact name "Y.G." into R.E.'s cell phone. . . .  Later, Y.G. texted R.E., asking if she would be interested in prostitution.  Y.G. was unsuccessful in persuading R.E. into prostitution, but the two continued to communicate about how she could get her money back after the fraudulent check transaction. . . .
>
> The State subsequently charged both Young and Hutchinson with second degree rape, promoting commercial sexual abuse of a minor, first degree robbery, first degree kidnapping, and communication with a minor for immoral purposes.  At trial, evidence was introduced describing these features of the text messages.  The jury returned verdicts finding both Young and Hutchinson guilty of second degree rape,[ ]promoting commercial sexual abuse of a minor,[ ]communication with a minor for immoral purposes,[ ]and second degree attempted theft.

AR. 113–14; *see also State v. Young*, 192 Wn. App. 850 (2016).


## PROCEDURAL HISTORY

Petitioner filed a direct appeal, including a *pro se* statement of additional grounds for review, with the Washington State Court of Appeals.  *See* AR. 22, 72.  The court of appeals consolidated petitioner's direct appeal with that of his co-defendant, Hutchinson, and on March 1, 2016, affirmed petitioner's and Hutchinson's convictions.  *See* AR. 112–13.  Although Hutchinson filed a petition for review in the Washington State Supreme Court, which was denied, petitioner did not.  *See* AR. 136, 182.  The court of appeals issued its mandate on June 9, 2017.  AR. 193.

On March 1, 2017, petitioner filed a personal restraint petition ("PRP"), asserting prosecutorial misconduct and insufficiency of the evidence to support his second-degree rape

1   conviction.  *See* AR. 195, 209.  On July 27, 2017, petitioner's PRP was dismissed on the basis

2   that his argument could not be raised again, having been addressed already in his direct appeal.

3   *See* AR. 288.  Petitioner did not seek further review, and the court of appeals issued a certificate

4   of finality on September 20, 2017.  AR. 290.

5         In March 2018, petitioner sought relief by way of a writ of habeas corpus in this Court.

6   *See* Dkt. 1.  After respondent filed the response, this Court allowed petitioner to file an amended

7   petition.  *See* Dkt. 20.  Respondent filed a supplemental answer, and petitioner filed a

8   traverse/reply.  *See* Dkts. 22, 28.  In addition, this Court ordered supplemental briefing from

9   respondent.  *See* Dkt. 26.

10

11                              **STANDARD OF REVIEW**

12         Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus

13   petition may be granted with respect to any claim adjudicated on the merits in state court only if

14   the state court's decision was contrary to, or involved an unreasonable application of, clearly

15   established federal law, as determined by the Supreme Court, or if the decision was based on an

16   unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).

17         A federal court may grant a habeas petition under two circumstances.   First, a federal

18   habeas court may grant the writ if the state court decision is "contrary to" clearly established

19   federal law because the state court arrived at a conclusion opposite to that reached by the

20   Supreme Court on a question of law, or if the state court decides a case differently than the

21   Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529

22   U.S. 362, 405 (2000).  Second, a federal habeas court may grant the writ if the state court

23   identifies the correct governing legal principle from the Supreme Court's decisions but

24

1    "unreasonably appl[ies]" that principle to the facts of the prisoner's case. *Id*. at 407.  The

2    Supreme Court has made clear that a state court's decision may be overturned only if the

3    application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

4    AEDPA requires federal habeas courts to presume the correctness of state courts' factual

5    findings unless applicants rebut this presumption with "clear and convincing evidence."  28

6    U.S.C. § 2254(e)(1).  In addition, review of state court decisions under 28 U.S.C. § 2254(d)(1) is

7    "limited to the record that was before the state court that adjudicated the claim on the merits."

8    *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

9

10                              **EVIDENTIARY HEARING**

11           The decision to hold a hearing is committed to the Court's discretion.  *Schriro v.*

12    *Landrigan*, 550 U.S. 465, 473 (2007).  "[A] federal court must consider whether such a hearing

13    could enable an applicant to prove the petition's factual allegations, which, if true, would entitle

14    the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474.  In determining whether

15    relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before

16    the state court. *Cullen*, 563 U.S. at 180–81.  A hearing is not required if the allegations would

17    not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474.  "It

18    follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas

19    relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 563

20    U.S. at 183.

21           Here, petitioner's claims rely on established rules of constitutional law.  Further, there are

22    no factual issues that could not have been previously discovered by due diligence.  Finally, the

23    facts underlying petitioner's claims are insufficient to establish that no rational fact finder would

24

1 | have found him guilty of the crime.  Therefore, this Court concludes that an evidentiary hearing
2 | is not necessary to decide this case.

3 |

4 | **DISCUSSION**

5 | Respondent argues that all of petitioner's grounds are unexhausted and procedurally
6 | defaulted, so that denial of the amended petition is appropriate.  *See* Dkt. 22, at 4.  This Court
7 | agrees, as set forth below.

8 |

9 | **I. Exhaustion**

10 | A state prisoner seeking habeas corpus relief in federal court must exhaust available state
11 | relief before filing a petition in federal court.  *See* 28 U.S.C. § 2254(b)(1)(A).  Claims for relief
12 | that have not been exhausted in state court are generally not cognizable in a federal habeas
13 | corpus petition.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).  A petitioner must properly raise
14 | a habeas claim at every level of the state courts' review.  *See Ortberg v. Moody*, 961 F.2d 135,
15 | 138 (9th Cir. 1992).  "[S]tate prisoners must give the state courts one full opportunity to resolve
16 | any constitutional issues by invoking one complete round of the State's established appellate
17 | review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Rose v. Lundy*, 455
18 | U.S. 509, 518–19 (1982).  A complete round of the state's established review process includes
19 | presentation of a petitioner's claims to the state's highest court.  *James*, 24 F.3d at 24.

20 | Respondent argues that petitioner failed to exhaust any of his claims because petitioner
21 | only presented his claims to the Washington State Court of Appeals and never sought review in
22 | the Washington State Supreme Court—thus never subjecting his claims to a complete round of
23 | review.  *See* Dkt. 26, at 2.  Of note, the court of appeals consolidated petitioner's appeal with that
24 |

1  of his co-defendant, Hutchinson (*see* AR. 112), and Hutchinson, unlike petitioner, did file a

2  petition for discretionary review with the state supreme court. *See* AR. 136.

3         One of Hutchinson's arguments in his petition for discretionary review was the same as a

4  ground advanced by petitioner here—the argument that the prosecutor committed misconduct in

5  closing argument by misstating the law of accomplice liability. *Compare* AR. 152–54

6  (Hutchinson's argument), *with* Dkt. 21, at 12–16 (petitioner's argument). However, the Ninth

7  Circuit has rejected the argument that a co-defendant's arguing an issue on appeal (or "vicarious

8  exhaustion") is sufficient to satisfy the exhaustion requirement. *See Williams v. Nelson*, 431

9  F.2d 932 (9th Cir. 1970). In *Williams*, "[t]he questions raised by the appellant involve[d]

10  constitutional privileges which are personal to him, and therefore an appeal by his co-defendant

11  [could] not exhaust the appellant's remedies in the state courts." *Id.* at 932–33. The Ninth

12  Circuit has since applied *Williams* to hold that a petitioner failed to exhaust a claim that the use

13  of dual juries denied his right to a fair trial, even where the petitioner's co-defendant had

14  apparently raised an identical claim before a state supreme court. *See McKinney v. Ryan*, 730

15  F.3d 903, 912 (9th Cir. 2013), *rev'd on other grounds*, 813 F.3d 798, 802 (2015). In light of

16  *Williams* and *McKinney*, the Court agrees with respondent that even though co-defendant

17  Hutchinson raised prosecutorial misconduct in his petition for review to the state supreme court,

18  this does not "vicariously exhaust" that argument as raised by petitioner here.[2]

19         Thus, the undersigned concludes that petitioner has not exhausted any of his claims by

20  subjecting them to a complete round of review in state court.

21

---

22  [2] It should be noted that Hutchinson was unsuccessful obtaining review of this claim in the state

23  supreme court. Further, there is no reason to conclude that the court of appeals misstated the applicable law or that its decision was "based on an unreasonable determination of the facts[.]" *See* 28 U.S.C. § 2254(d)(2). Therefore, even if petitioner could have raised this issue in this

24  petition, there is no reason to conclude that he would have been successful.

1      **II.  Procedural Default—Grounds One, Two, and Three**

2          Finding that a petitioner's grounds have not been presented for a complete round of

3   review in state court is not the end of the inquiry—a petitioner has technically exhausted his state

4   remedies if his "'claims are now procedurally barred under [state] law[.]'" *Gray v. Netherland*,

5   518 U.S. 152, 161–62 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

6          If a petitioner's claims are procedurally barred under state law, they are deemed

7   procedurally defaulted for purposes of federal habeas review.  *Coleman v. Thompson*, 501 U.S.

8   722, 735 n.1 (1991).  The doctrine of procedural default applies where either a state court has

9   been presented with the federal claim, yet has declined to reach the issue for procedural reasons,

10  or where it is clear that the state court would find that the claim is procedurally barred.  *Franklin*

11  *v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002).  This Court will hear the merits of a

12  procedurally defaulted claim only if the petitioner can show cause for and prejudice from the

13  default or that there has been a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at

14  750.  A petitioner can show cause by demonstrating that "some objective factor external to the

15  defense impeded [petitioner]'s efforts to comply with the State's procedural rule."  *Murray v.*

16  *Carrier*, 477 U.S. 478, 488 (1986).

17         Respondent argues that petitioner's claims are procedurally defaulted because if

18  petitioner attempted to raise them in a PRP now, state courts would conclude that RCW

19  10.73.090 barred those claims.  Dkt. 10, at 11.  RCW 10.73.090 provides that a PRP is time-

20  barred if it is filed more than one year after the latest of the following:  the date that the judgment

21  and sentence was filed with the trial court clerk, the date that an appellate court issues its

22  mandate disposing of a timely direct appeal from the conviction, or the date that the United

23

24

1  States Supreme Court denies a timely petition for certiorari to review a decision affirming the

2  conviction on direct appeal.

3      Here, petitioner's judgment and sentence became final on June 9, 2017, the date that the

4  court of appeals issued its mandate on direct appeal.  *See* RCW 10.73.090(3)(b); AR. 192.  RCW

5  10.73.090 bars petitioner "from now presenting that claim to the Washington Supreme Court

6  since it has been more than one year from the date" that his judgment of conviction became final.

7  *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000).  Petitioner therefore had until June 9,

8  2018 to file a PRP or other post-conviction challenge in the state courts.  *See* RCW

9  10.73.090(3)(b).

10     The Court notes that although petitioner did file a PRP raising ground three (prosecutorial

11  misconduct), petitioner never attempted to appeal dismissal of that PRP with the state supreme

12  court and any attempt would now be untimely.  *See* Wash. R. App. P. 13.4 (30 days from the

13  court of appeals' decision terminating review to file a petition for review in the state supreme

14  court); *Coleman*, 501 U.S. at 735 n.1.  Thus, petitioner has procedurally defaulted on all four of

15  his grounds for relief.

16     As grounds one, two, three, and four are procedurally defaulted, this Court is barred from

17  reviewing the claim on the merits absent a showing of "cause and prejudice" or actual innocence.

18  Regarding grounds one, two, and three, petitioner does not attempt to demonstrate either cause

19  and prejudice or a fundamental miscarriage of justice to excuse his procedural default.  Because

20  petitioner cannot excuse his procedural default, grounds one, two, and three are not cognizable in

21  the habeas corpus proceeding and should be dismissed.

22

23

24

REPORT AND RECOMMENDATION - 9

### III. Cause and Prejudice—Ground Four

Petitioner argues that cause exists for the procedural default of his claim that his trial counsel provided ineffective assistance, under *Martinez v. Ryan*, 566 U.S. 1 (2012). Dkt. 21, at 16. That case stands for the proposition that not having counsel at initial-review collateral proceedings (such as petitioner's PRP) may establish cause for a petitioner's procedural default of a claim that his trial counsel was ineffective. *See Martinez*, 566 U.S. at 12. Although the state in *Martinez* did not allow ineffective assistance of counsel claims to be brought on direct review, in *Trevino v. Thaler*, the Supreme Court extended the exception to include states where it is virtually impossible to adequately present an ineffective assistance of trial counsel claim on direct review. 569 U.S. 413, 423 (2013). The Ninth Circuit has since held that Washington is one such state. *See Woods v. Sinclair*, 764 F.3d 1109, 1137 (9th Cir. 2014) (citing *State v. McFarland*, 127 Wn.2d 322, 335 (1995)).

Under the rule set forth in *Martinez*, to show "cause" for procedural default of his claim that his trial counsel rendered ineffective assistance, petitioner has to, among other things, "demonstrate that the underlying ineffective-assistance-of-trial-counsel-claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." 566 U.S. at 14. To prevail on a claim that his trial counsel was ineffective, a petitioner must show that counsel's performance was deficient—it fell below an objective standard of reasonableness, measured by prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A petitioner must also show prejudice—a reasonable probability that but-for counsel's errors, the result of the proceeding would have differed. *Id.* at 694. A reviewing court may address either prong, as a failing on one prong is dispositive to a petitioner's claim. *See id.* at 697.

1   Here, petitioner argues that his counsel should have filed a motion to suppress text

2   messages used as evidence against him. Dkt. 21, at 19. The prosecution relied on September 19,

3   2012 text messages taken from R.E.'s phone to convict petitioner of communication with a

4   minor for immoral purposes. *See* Supp. AR. 1442. Over petitioner's counsel's continuing

5   objection that text messages were not properly authenticated—an issue of first impression,

6   according to petitioner's counsel, and one not resolved until a published opinion from the court

7   of appeals—the trial court admitted text messages from R.E.'s phone. *See* Supp. AR. 181, 197,

8   889–90.

9   Relying on *State v. Hinton*, 179 Wn.2d 862 (2014), petitioner argues that his counsel

10  should, instead, have moved to suppress the text messages because they were obtained in

11  violation of article I, section 7 of the Washington Constitution. Dkt. 21, at 19. In *Hinton*—

12  decided after petitioner's jury trial—the state supreme court reversed the court of appeals and

13  held that as a matter of first impression, a defendant's text message on another person's phone

14  was a private affair that article I, section 7 protected from warrantless intrusion. *See* 179 Wn.2d

15  at 865–67. It was not clear whether the Fourth Amendment protected such messages. *See id.* at

16  867; *see also United States v. Meriwether*, 917 F.2d 955, 959 (6th Cir. 1990) (Under the Fourth

17  Amendment, there is no legitimate expectation of privacy in a message sent to a device over

18  which the sender has no control). Petitioner also relies on several federal cases, all of which

19  involve searches of a defendant's phone—not text messages sent by the defendant but recovered

20  from another's phone. *See United States v. Zavala*, 541 F.3d 562, 577 (5th Cir. 2008); *United

21  States v. Finley*, 477 F.3d 250, 258 (5th Cir. 2007); *United States v. Davis*, 787 F. Supp. 2d 1165,

22  1171 (D. Or. 2011); *United States v. Quintana*, 594 F. Supp. 2d 1291, 1298–99 (M.D. Fla. 2009).

23

24

1      Given the state of the law in 2013, this Court finds that it was a reasonable tactical

2  decision for petitioner's trial counsel to argue that the text messages should not be admitted

3  because the state could not authenticate them, rather than to move to suppress the text messages

4  under the Washington State constitution or the Fourth Amendment before trial.  "A disagreement

5  with counsel's tactical decisions does not provide the basis for declaring that the representation

6  was constitutionally deficient."  *Raley v. Ylst*, 470 F.3d 792, 799 (9th Cir. 2006).  The fact that

7  the legitimate tactical decision ultimately did not succeed is not a reason for this Court to find

8  that petitioner's trial counsel was ineffective.  *See Strickland*, 466 U.S. at 689.

9      The record also contradicts petitioner's claim that his trial attorney was unaware of the

10  text messages, as the prosecutor explained—in the presence of petitioner's defense counsel—

11  during the rulings on motions in limine that the prosecution had already provided the text

12  messages in question to the defense.  *See* Supp. AR. 138.  Petitioner's claims that his counsel

13  was unprepared regarding the text messages amount to no more than conclusory, unsupported

14  allegations, which are insufficient to establish a claim that counsel rendered ineffective

15  assistance.  *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

16      Petitioner also appears to argue that his trial counsel should have moved to suppress other

17  text messages used as evidence by the prosecution.  *See* Dkt. 21, at 18.  The Court notes that the

18  prosecution did not rely primarily on text messages from R.E.'s or C.B.'s phones for any of the

19  other charges against petitioner.  Regarding the charge of promoting sexual abuse of a minor,

20  C.B. testified in detail about petitioner's role, including how he placed advertisements and stayed

21  in another room in the hotel, where she brought him the money that she had "earned."  *See* Supp.

22  AR. at 315, 318.  C.B.'s testimony was corroborated by testimony of police and room receipts, in

23  addition to the text messages.  *See* Supp. AR. at 1135–46, 1604.

24

1    Similarly, regarding the second-degree rape charge, the prosecutor relied on C.B.'s and

2    N.H.'s testimony.  *See* Supp. AR. at 446–54, 712.  And regarding the second-degree attempted

3    theft charge, the prosecutor relied on R.E.'s testimony and surveillance photographs.  *See* Supp.

4    AR. at 853, 1605.  Thus to the extent that petitioner argues that his trial counsel should have

5    moved to suppress other text messages used as evidence in the case, the Court finds that

6    petitioner has failed to meet *Strickland*'s prejudice standard.

7    Finally, petitioner includes a brief, undeveloped claim that his counsel was ineffective on

8    the basis of failure to investigate and subpoena unidentified exculpatory evidence, to impeach

9    R.E. and N.H. with unidentified statements, and to move for a mistrial on the basis of

10   unidentified improper comments.  Such vague and cursory claims cannot support federal habeas

11   relief.  *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011).

12   Because petitioner fails to make out a substantive claim that he received ineffective

13   assistance of trial counsel, there is no cause to excuse petitioner's procedural default of his claim

14   that he was ineffectively assisted by counsel.

15

16   **IV.  Statute of Limitations**

17   Respondent also argues in his supplemental answer that petitioner's amended habeas

18   petition is untimely under 28 U.S.C. § 2244(d).  Dkt. 22.  However, the Court has already found

19   that petitioner's habeas grounds are procedurally defaulted.  Therefore, the Court declines to

20   make a determination as to the timeliness of petitioner's amended habeas petition as this time.

21

22

23

24

1

**CERTIFICATE OF APPEALABILITY**

2          A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

3    court's denial of the federal habeas petition only after obtaining a certificate of appealability

4    (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

5    has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

6    2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could

7    disagree with the district court's resolution of his constitutional claims or that jurists could

8    conclude the issues presented are adequate to deserve encouragement to proceed further."

9    *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

10   (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

11   certificate of appealability with respect to this petition.

12

13

**CONCLUSION**

14         Because petitioner failed to exhaust his claims and is now procedurally barred from

15   returning to state court to do so, his amended petition should be denied.  The district court should

16   also deny a certificate of appealability with respect to this petition.

17         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

18   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

19   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

20   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

21   of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

22   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

23

24

REPORT AND RECOMMENDATION - 14

1    Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to

2    set the matter for consideration on April 12, 2019 as noted in the caption.

3    Dated this 29th day of March, 2019.

4

5

6

7    J. Richard Creatura
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24